IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.

JARED ANDERSON

_____/

INDICTMENT

4:21cr58-MW

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment:

1. From on or about April 25, 2021, through on or about November 4, 2021, the defendant, **JARED ANDERSON**, was employed as a correctional officer with the Federal Bureau of Prisons ("BOP"). The BOP was an agency within the United States Department of Justice ("DOJ") that was responsible for administering the Federal prison system.

2. Federal Correctional Institution Tallahassee ("FCI Tallahassee") was a minimum-security federal prison for female inmates operated by the BOP in Tallahassee, Florida. Adjacent to FCI Tallahassee, was a federal detention center run by the BOP that housed administrative security level male inmates ("FDC



Tallahassee").

3.      Correctional officers within the BOP were responsible for providing supervision of inmates and enforcing federal statutes, rules and regulations governing BOP facilities and inmate conduct.

4.      Federal law and BOP rules, regulations, and program statements prohibited inmates from possessing contraband, including controlled substances, in federal prisons.

**COUNT ONE**

5.      The allegations contained in paragraphs 1 through 4 are incorporated by reference as if fully set forth herein.

6.      From on or about September 7, 2021 through on or about November 4, 2021, in the Northern District of Florida, the defendant,

**JARED ANDERSON,**

being a public official, employed by the United States Department of Justice, Bureau of Prisons, as a Correctional Officer at FDC Tallahassee, did, directly and indirectly, knowingly and corruptly demand, seek, receive, accept, and agree to receive and accept anything of value, that is, $1,500 in U.S. currency, personally and for any other person and entity, in return for being influenced in the performance of an official act, and in return for being induced to do an act in violation of his official duty, that is, the smuggling of contraband in the form of

2

synthetic cannabinoids (commonly known as "K2," "Spice," "Mojo," or "Scooby Snacks") into FDC Tallahassee.

In violation of Title 18, United States Code, Sections 201(b)(2)(A) and (C).

## COUNT TWO

7.   On or about November 4, 2021, in the Northern District of Florida, the defendant,

### JARED ANDERSON,

contrary to Title 28 of the Code of Federal Regulations, Sections 553.12 and 500.1(h), knowingly provided and attempted to provide a prohibited object, as defined in Title 18, United States Code, Section 1791(d)(1)(A), to wit: synthetic cannabinoids (commonly known as "K2," "Spice," "Mojo," or "Scooby Snacks"), to an inmate housed at FDC Tallahassee, a Federal detention facility in which persons are held in custody by direction of the Attorney General.

In violation of Title 18, United States Code, Sections 1791(a)(1) and 1791(b)(2).

## CRIMINAL FORFEITURE

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses in violation of Title 18, United States Code, Sections 201 and 1791 as set forth in Counts One and Two of this Indictment, the defendant, **JARED ANDERSON**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

The property to be forfeited includes, but is not limited to, the following: $1,500.00, which is the amount obtained by **JARED ANDERSON** from the charged offenses.

If any of the property described above, as a result of any act or omission of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred or sold to, or deposited with, a third party;

    iii.    has been placed beyond the jurisdiction of the court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

A TRUE BILL:

████████████████████

FOREPERSON

12/7/2021
DATE

JASON R. COODY
Acting United States Attorney

LAZARO P. FIELDS
Assistant United States Attorney